UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MOHAMMED AHMED,

                Petitioner,

-against-

UNITED STATES OF AMERICA,[1]

                Respondent.
_____X

MEMORANDUM
AND ORDER
07-CV-00119 (CBA)

AMON, United States District Judge:

    Petitioner, who upon completion of his sentence became subject to deportation, brings a petition for a writ of error coram nobis for an order pursuant to the All Writs Act, 28 U.S.C. § 1651, vacating a state court conviction. Petitioner's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

    On July 20, 2001, petitioner was convicted in New York Supreme Court, Queens County of grand larceny in the fourth degree and was sentenced to five years probation conditioned upon petitioner's agreement to pay fourteen thousand dollars ($14,000.00) in restitution. Petitioner did not appeal this conviction or sentence. On June 9, 2004, petitioner pled guilty to a violation of probation, i.e. failure to pay the restitution and was sentenced to one year imprisonment. On September 14, 2005, petitioner filed the first of three state court motions to challenge his

---

[1] The Court notes that while plaintiff names the United States of America as the sole defendant, he challenges his state court conviction.

1

conviction and sentence, all of which have been denied.

Petitioner's application for a writ of habeas corpus filed in this Court pursuant to 28 U.S.C. § 2254 was dismissed as time-barred under 28 U.S.C. § 2244(d)(1) by Order dated August 14, 2006. Ahmed v. District Attorney Richard Brown, 06-CV-2857, slip op. at 2-4 (E.D.N.Y. Aug. 14, 2006). The petition was time-barred because the AEDPA one-year limitations period had expired on July 9, 2005, before petitioner filed a post-conviction motion in Queens County Supreme Court on September 14, 2005 and plaintiff was unable to provide a basis for equitable tolling of the statute of limitations. Id.

## DISCUSSION

A district court's authority to issue a writ of error coram nobis arises under the All Writs Act, 28 U.S.C. § 1651. See Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam). The Second Circuit has held that a federal district court "lacks jurisdiction to grant such a writ with respect to a judgment of a state court." Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d 2006). In so holding, the Second Circuit joined the five other circuit courts which have addressed the issue, all of which have ruled that district courts lack jurisdiction to issue writs of error coram nobis to set aside judgments of state courts. See Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) ("[Petitioner] can seek coram nobis relief only in state court."); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir.), cert. denied, 506 U.S. 834 (1992) ("[Petitioner's] counsel conceded that she had not found even one decision ... using coram nobis to set aside a judgment rendered by another court. Section 1651(a) does not authorize us to depart from this understanding of the writ."); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir.1982); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir.

2

1964). These courts have recognized that such applications are only properly filed in state court, before the court that committed the purported error, here New York Supreme Court, Queens County. Based on the foregoing, the petition for a writ of error coram nobis is dismissed due to this Court's lack of subject matter jurisdiction.

Furthermore, even if the Court had subject matter jurisdiction over the petition, Ahmed's request would fail as meritless. He argues that his trial counsel was ineffective because he "failed to explain to him that [the] possibility of deportation as a collateral consequence of his guilty plea – or worse, actually misinformed the petitioner that he would not face deportation if he entered a guilty plea." (Pet. at 1.) The Second Circuit has held that "an attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness." United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002) (citing United States v. Santelises, 509 F.2d 703, 704 (2d Cir. 1975) (per curiam) (noting that an attorney's failure to inform a defendant that a guilty plea could result in deportation "is of no legal significance")). The Second Circuit also ruled that "affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is ... objectively unreasonable." Id. at 188. Although Ahmed obliquely suggests in the language quoted above that his attorney might have misinformed him, the balance of his motion makes no such claim. Ahmed's contention seems to be only that his counsel did not inform him of the consequences of his plea. (Pet. at 2. (Petitioner explains that it is "[d]ue to the failure of the petitioner counsel to bring to the petitioner attention any possible immigration consequences as a result of his 1 year sentence as a substitution for restitution" (sic) that petitioner agreed to the 1 year sentence.))

## CONCLUSION

Accordingly, the petition for a writ of error coram nobis is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
Jan 29, 2007

/s/ CAROL BAGLEY AMON
United States District Judge